UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT SMITH, Individually and for Others Similarly Situated<br><br>v.<br><br>QHCCS, LLC d/b/a QUORUM HEALTH | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Scott Smith (Smith) brings this collective action to recover unpaid overtime and other damages from QHCCS, LLC d/b/a Quorum Health (Quorum).

2. Smith worked for Quorum as a Registered Nurse (RN) at the Mountain West Medical Center.

3. Like the Putative Class Members (as defined below), Smith regularly worked more than 40 hours in a week.

4. But Quorum did not pay for all the hours they worked.

5. Instead, Quorum automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Smith and the Putative Class Members were thus not paid for that time.

7. But Quorum fails to provide Smith and the Putative Class Members with *bona fide* meal breaks.

8. Instead, Quorum requires Smith and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9. Quorum's auto-deduction policy violates the Fair Labor Standards Act (FLSA) by depriving Smith and the Putative Class Members of overtime pay for all overtime hours worked.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over Quorum because Quorum is domestic limited liability company.

12. Venue is proper because Quorum, a Delaware limited liability company, resides in this District. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. Smith worked for Quorum as an RN at the Mountain West Medical Center from approximately March 2013 until January 2023.

14. Throughout his employment, Quorum classified Smith as non-exempt and paid him on an hourly basis.

15. But Quorum subjected Smith to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks."

16. Smith's written consent is attached as **Exhibit 1**.

17. Smith brings this action on behalf of himself and other similarly situated hourly, non-exempt Quorum employees who were subject to Quorum's automatic meal break deduction policy.

18. Quorum uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

19. The collective of similarly situated employees is defined as:

> **All hourly, non-exempt Quorum employees who received an automatic meal period deduction at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

20. Quorum is a Delaware limited liability company that maintains its headquarters in Brentwood, Tennessee.

21. Quorum may be served with process by serving its registered agent: **The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**.

## COVERAGE UNDER THE FLSA

22. At all relevant times, Quorum was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Quorum was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, Quorum was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, equipment, computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

25. At all relevant times, Quorum has had an annual gross volume of sales made or business done of not less than $500,000 each year.

26. At all relevant times, Warren and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

27. Quorum uniformly deducted 30 minutes/shift from Smith and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

28. As a result, Quorum failed to pay Smith and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

29. Quorum's automatic meal break deduction policy, which deprives Smith and the Putative Class Members of overtime compensation for the weeks in which these employees work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

30. Quorum is a healthcare services provider that owns and/or operates 17 hospitals and 15 outpatient centers across 13 states.[1]

31. To complete its business objectives, Quorum employs patient care workers, including Smith and the Putative Class Members, to provide healthcare services and treat the patients in its various facilities.

32. Quorum uniformly classifies these employees as non-exempt from overtime and pays them on an hourly basis.

33. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

34. For example, worked for Quorum as an RN at the Mountain West Medical Center from approximately March 2013 until January 2023, including during the Kronos outage.

35. As an RN, Smith's primary responsibilities included providing direct patient care to Quorum's patients at Mountain West Medical Center, such as performing patient intakes, administering medications, monitoring patients, charting treatments and patient histories, and assisting doctors and other patient care staff with surgeries and other healthcare services.

36. Throughout his employment, Quorum classified Smith as non-exempt and paid him on an hourly basis.

---

[1] https://quorumhealth.com/ (last visited March 22, 2023);
*see also* https://quorumhealth.com/locations/ (last visited March 22, 2023).

37. Throughout his employment, Quorum subjected Smith to its common practice of automatically deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks, regardless of whether he actually received a *bona fide* meal break.

38. Smith and the Putative Class Members performed their jobs under Quorum's supervision, and using materials, equipment, and technology approved and supplied by Quorum.

39. Quorum requires Smith and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

40. At the end of each pay period, Smith and the Putative Class Members received wages from Quorum that were determined by common systems and methods that Quorum selected and controlled.

41. Quorum requires its hourly, non-exempt employees, including Smith and the Putative Class Members, to record their hours worked using Quorum's timeclock system (Kronos).

42. Further, Quorum subjects its hourly, non-exempt employees, including Smith and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

43. Specifically, Quorum automatically deducts 30 minutes from Smith and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

44. But Quorum fails to provide Smith and the Putative Class Members with *bona fide* meal periods.

45. Instead, Quorum requires Smith and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

46.     This unpaid time is compensable under the FLSA because Quorum knew, or should have known, that (1) Smith and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 consecutive minutes.

47.     Quorum failed to exercise its duty to ensure Smith and the Putative Class Members were not performing work that Quorum did not want performed during their unpaid "meal breaks."

48.     Despite accepting the benefits, Quorum did not pay Smith and the Putative Class Members for the compensable work they performed during their "meal breaks."

49.     Thus, under Quorum's uniform automatic meal break deduction policy, Smith and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA.

50.     Quorum also subjects Smith and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

51.     Quorum's uniform rounding policy violates the FLSA by depriving Smith and the Putative Class Members of overtime pay for all overtime hours worked because Quorum fails to include all work time in these employees' total hours worked.

52.     Quorum knows Smith and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Quorum expects and requires these employees to do so.

53.     But Quorum does not pay Smith and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

54. Smith worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

55. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

56. Indeed, Quorum typically schedules Smith and the Putative Class Members to work 10- to 12-hour shifts for 4-5 days a week.

57. And Smith and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

58. As a result, Smith and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

59. When Smith and the Putative Class Members worked more than 40 hours in a workweek, Quorum did not pay them 1.5 times their regular hourly rate for all overtime hours worked because Quorum failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

60. Quorum knew, or should have known, it was subject to the FLSA, including its overtime provisions.

61. Quorum knew, or should have known, the FLSA requires it to pay employees, including Smith and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

62. Quorum knew, or should have known, Smith and the Putative Class Members worked more than 40 hours in a week.

63. Quorum knew, or should have known, Smith and the Putative Class Members regularly worked during their unpaid meal breaks because Quorum expected and required them to do so.

64. Quorum knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

65. Quorum knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Smith and the Putative Class Members of overtime compensation in violation of the FLSA.

66. Nonetheless, Quorum failed to pay Smith and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

67. Quorum's failure to pay Smith and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime for all overtime hours worked made in good faith.

### COLLECTIVE ALLEGATIONS

68. Smith brings his claims as a collective action under the FLSA.

69. The Putative Class Members were victimized by Quorum's pattern, practice, and/or policy which is in willful violation of the FLSA.

70. Other Putative Class Members worked with Smith and indicated they were paid in the same manner, performed similar work, and were subject to Quorum's same automatic meal break deduction policy.

71. Based on his experiences with Quorum, Smith is aware Quorum's illegal practices were imposed on the Putative Class Members.

72. The Putative Class Members are similarly situated in all relevant respects.

73. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

74. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

75. Rather, the Putative Class is held together by Quorum's uniform automatic meal break deduction policy that systematically deprived Smith and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

76. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

77. The overtime owed to Smith and the Putative Class Members will be calculated using the same records and using the same formula.

78. Smith and the Putative Class Members sustained damages arising out of Quorum's illegal and uniform employment policy.

79. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Quorum's records, and there is no detraction from the common nucleus of liability facts.

80. Therefore, the issue of damages does not preclude collective treatment.

81. Smith knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

82. Quorum is liable under the FLSA for failing to pay overtime to Smith and the Putative Class Members.

83. Consistent with Quorum's illegal automatic meal break deduction policy, Smith and the Putative Class Members were not paid the proper premium overtime compensation for all overtime hours worked.

84. As part of its regular business practices, Quorum intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Smith and the Putative Class Members.

85. Quorum's illegal automatic meal break deduction policy deprived Smith and the Putative Class Members of overtime wages for all hours worked in excess of 40 hours in a workweek, which they are owed under federal law.

86. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

87. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

88. Those similarly situated employees are known to Quorum, are readily identifiable, and can be located through Quorum's records.

### CAUSE OF ACTION
### VIOLATIONS OF THE FLSA

89. Smith realleges and incorporates all other paragraphs by reference.

90. Smith brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

91. Quorum violated, and is violating, the FLSA by failing to pay Smith and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

92. Throughout the relevant period, Quorum expected and required Smith and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks.

93. Smith and the Putative Class Members have been harmed as a direct and proximate result of Quorum's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Quorum derived a direct and substantial benefit.

94. Quorum knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Smith and the Putative Class Members overtime compensation for all overtime hours worked.

95. Quorum's failure to pay these employees overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

96. Accordingly, Smith and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## JURY DEMAND

97. Smith demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Smith, individually and on behalf of the Putative Class Members, seeks the following relief:

    a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. An Order pursuant to Section 16(b) of the FLSA finding Quorum liable for unpaid back wages due to Smith and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. Judgment awarding Smith and the Putative Class Members all unpaid overtime and other damages available under the FLSA;

    d. An Order awarding attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

    f. Such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Dated: March 23, 2023 | Respectfully submitted, |
| | FARNAN LLP |
| | /s/ Michael J. Farnan |
| | Sue L. Robinson (Bar No. 100658) |
| | Brian E. Farnan (Bar No. 4089) |
| | Michael J. Farnan (Bar No. 5165) |
| | 919 N. Market St., 12th Floor |
| | Wilmington, DE 19801 |
| | Telephone: (302) 777-0300 |
| | Facsimile: (302) 777-0301 |
| | srobinson@farnanlaw.com |
| | bfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| | **Michael A. Josephson*** |
| | TX Bar No. 24014780 |
| | **Andrew W. Dunlap*** |
| | TX Bar No. 24078444 |
| | **JOSEPHSON DUNLAP LLP** |
| | 11 Greenway Plaza, Suite 3050 |
| | Houston, Texas 77046 |
| | 713-352-1100 – Telephone |
| | 713-352-3300 – Facsimile |
| | mjoesphson@mybackwages.com |
| | adunlap@mybackwages.com |
| **William C. (Clif) Alexander*** | **Richard J. (Rex) Burch*** |
| TX Bar No. 24064805 | TX Bar No. 24001807 |
| **Austin W. Anderson*** | **BRUCKNER BURCH PLLC** |
| TX Bar No. 24045189 | 8 Greenway Plaza, Suite 1500 |
| **ANDERSON ALEXANDER PLLC** | Houston, Texas 77046 |
| 101 N. Shoreline Blvd., Suite 610 | 713-877-8788 – Telephone |
| Corpus Christi, Texas 78401 | 713-877-8065 – Facsimile |
| 361-452-1279 – Telephone | rburch@brucknerburch.com |
| 361-452-1284 – Facsimile | |
| clif@a2xlaw.com | *Pro hac vice applications forthcoming* |
| austin@a2xlaw.com | |

**ATTORNEYS FOR PLAINTIFF & THE PUTATIVE CLASS MEMBERS**